IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KAMCHAND MATHURA,
DEAN HEALTH PLAN, INC,

                          Plaintiffs,                    OPINION AND ORDER

        v.                                               24-cv-339-wmc

MOBILITAS GENERAL INSURANCE COMPANY
and REBECCA LINGENFELTER,

                          Defendants.

Wisconsin resident Kamchand Mathura alleges that on July 3, 2022, while attempting to ride his motorcycle through an intersection in Madison, Wisconsin, defendant Rebecca Lingenfelter, a Washington resident, turned her car into his lane, causing an accident and injuring him. Mathura originally sued Lingenfelter in state court, but defendants removed to federal court on diversity grounds. The case is now set for a jury trial beginning on August 4, 2025. In advance of the final pretrial conference ("FPTC"), scheduled for July 22, 2025, at 2:30 p.m., this order addresses the parties' motions in limine (dkt. ##53 and 62).

## OPINION

### A. Defendant's Motions in Limine (dkt. #62)

#### 1. Motion to exclude plaintiff from testifying that defendant crashed into him while he was riding his motorcycle.

Defendant seeks to preclude testimony from plaintiff that Lingenfelter "crashed" into him while he was riding his motorcycle. Defendant argues that because Lingenfelter has testified that Mathura lost control of his bike immediately after seeing her, plaintiff

should not be able to testify that defendant crashed into him.  The motion will be DENIED. As all other witnesses, plaintiff is expected to testify to the truth.  If in his view, defendant crashed into him by interfering with his right of way, that is a matter for the jury to assess given all the circumstances. Regardless, excluding evidence from plaintiff that details *his* account of the accident would amount to a court-imposed credibility determination in defendant's favor.  *See Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010) (noting that credibility determinations are tasks for the factfinder).

2. **Motion to exclude the accident scene diagram in the Wisconsin Motor Vehicle Crash report.**

This motion will be GRANTED as unopposed.

3. **Motion to exclude any argument based upon the Golden Rule or any similar suggestion that the jurors put themselves in plaintiff's place.**

Plaintiff does not oppose the motion as it relates to "golden rule" or "send-a-message" arguments, so that portion of the motion will be GRANTED as unopposed. However, as explained in previous cases, this court generally does not grant broad and ill-defined motions to preclude so-called "reptile theory" arguments. *See Berry v. Wisconsin Central Ltd.*, 2022 WL 3576203, at \*8 (W.D. Wis. August 19, 2022) (motion to exclude questioning based on "reptile theory" is "broad and ill-defined" and can be best dealt with at trial). Since defendant's motion regarding "reptile theory" falls into that category, that motion will be RESERVED, except that neither side may ask questions or make arguments inconsistent with the common law negligence claim actually being decided by the jury.  If either side needs further direction on this instruction, they are welcome to raise it at the

FPTC.

### 4. Motion to exclude plaintiff from testifying about his specific understanding of the law.

This motion will be GRANTED as unopposed.  Moreover, *no* witness will be allowed to testify as to their understanding of the law absent a proffer as to the relevance outside the presence of the jury.

### 5. Motion to sequester any non-party witnesses from the courtroom.

This motion will be GRANTED as unopposed, except that expert witnesses, if any, my remain to hear testimony.

### 6. Motion to preclude plaintiff from presenting any evidence relating to the fact that defendant may be covered by insurance in this case.

Defendant's motion to preclude evidence that she may be covered by insurance is GRANTED, unless defendant opens that door. Neither side should make any reference to defendant's ability to pay damages or to what entity will ultimately pay damages. *See Lawson v. Townbridge*, 153 F.3d 368, 379 (7th Cir. 1998) ("In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill."). In particular, should defendant argue or suggest an inability to pay some or all damages, then she may open the door to the introduction of evidence of insurance. Absent such a ruling by the court outside the hearing of the jury, however, the court's exclusion of this evidence stands.  Additionally, all case captions will have to be altered to reflect a single plaintiff and defendant to the extent introduced or shown to the jury for

purposes of trial, something the parties can address at the FPTC.

**7. Motion to bar any party from calling any witness not previously disclosed, including expert witnesses.**

This motion will be GRANTED as unopposed.

**8. Motion to preclude Plaintiff from seeking to recover damages from any injury not disclosed in response to discovery requests and to preclude use of or reference to any document or exhibit requested in discovery and not disclosed pursuant to the scheduling order.**

This motion will be GRANTED as unopposed. Any violation of this order should be objected to by indicating "Motion in Limine 8," and further discussion will occur outside the presence of the jury at sidebar or the next break.

**9. Motion to confine expert testimony to opinions disclosed in Plaintiff's medical records and deposition testimony.**

This motion will be GRANTED as unopposed, except that treating physicians my testify to their contemporaneously formed medical observations.

**B. Plaintiffs Motions in Limine (dkt. #53)**

**1. Motion to bar defendant from testifying about plaintiff's speed leading up to the accident.**

Plaintiff seeks to preclude testimony from defendant that plaintiff was "speeding" leading up to the accident. Plaintiff argues that because Lingenfelter has testified that she was "temporarily blinded" and did not see Mathura until seconds before the accident, her testimony could only be speculative. This motion will be DENIED. Similar to defendant's first motion in limine, excluding evidence from defendant that details her account of the accident would amount to a court-imposed credibility determination in plaintiff favor.

4

*Berry*, 618 F.3d at 691.

> **2. Motion to exclude testimony about the status of plaintiff's motorcycle license.**

Plaintiff argues that testimony regarding the status of his motorcycle license should be excluded because there is no evidence of any connection between the accident happening and the status of his permit. To support this argument, plaintiff cites to *Westfall by Terwilliger v. Kottke*, 110 Wis. 2d 86, 328 N.W.2d 481 (1983), holding that the jury had been erroneously instructed that the plaintiff's unlicensed status could be considered in determining whether he was negligent. *Id.* at 105. However, this was very much a contextual specific ruling based on the facts in *Westfall*, *not* a prohibition on considering a party's license status. *See State v. Ortiz*, 143 Wis. 2d 902, *2-3, 423 N.W.2d 883 (Ct. App. 1988) (unpublished opinion) ("In the present case, [defendant's] lack of a driver's license may have been related to her conduct and, to some degree, a cause of the accident. [Defendant's] failure to obtain a driver's license tends to show that she has not taken the time to learn the rules of the road. More importantly, [defendant's] lack of a driver's license tends to show that she has not learned how to handle an emergency situation while driving.").

So, too, here, at least to the extent that the record may allow a reasonable trier of fact to find that plaintiff had some time to respond to the emergency situation created by defendant's driving. As a result, evaluating the training and experience that informed plaintiff's response, including the status of his permit related training and experience *may* be relevant to a reasonable jury in evaluating plaintiff's contributory negligence, if any.

Accordingly, this motion is DENIED.

   **3.  Motion to exclude testimony about plaintiff's failure to wear protective gear pursuant to Wis. Stat. § 895.049.**

This motion is GRANTED as unopposed with respect plaintiff's decision not to wear protective headwear. However, since not precluded by statute, this motion is DENIED with respect to other protective gear, such as leather gloves.

   **4.  Motion to exclude testimony about plaintiff's right hand injury.**

Plaintiff is seeking to exclude all testimony about injuries to his right hand. Plaintiff states that he is not claiming injuries to his right hand as damages in this case and, therefore, any mention of other injuries unrelated to the accident or resulting injuries would be irrelevant and prejudicial. This motion is GRANTED. In particular, defendant argues that plaintiff claimed injuries in his deposition to his right hand as part of his damages, making this injuries relevant. However, barring plaintiff opening the door to this same claim at trial, testimony addressing injuries to plaintiff's right hand arising out of an unrelated fight shall be excluded on both relevance and undue prejudice grounds.

ORDER

IT IS ORDERED that plaintiff and defendant's motions in limine are GRANTED,

RESERVED, and DENIED as set forth above.

Entered this 16th day of July, 2025.


BY THE COURT:

/s/
_____

WILLIAM M. CONLEY
District Judge